Order Filed on May 3, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

McDONNELL CROWLEY, LLC
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,
Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ANTE MARKOTA,<br><br>Debtor. | Case No. 15-15565 (CMG)<br><br>Honorable Christine M. Gravelle.<br><br>Chapter 7 |

### STIPULATION AND CONSENT ORDER

The relief set forth on the following page, numbered two (2) through seventeen (17), is hereby **ORDERED**.

**DATED: May 3, 2016**

_Christine M. Gravelle_
Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of Ante Markota (the "Debtor"), the chapter 7 debtor, by and through his counsel, McDonnell Crowley, LLC and Michelle ~~Ciaolone~~ CIALONE ("~~Ciaolone~~")[1], the estranged daughter of the Debtor, through her counsel, Winegar, Wilhelm, Glynn & Roemersma. The Parties hereby stipulate and agree as follows:

**Procedural Background**

WHEREAS, on March 30, 2015 (the "Petition Date"), the Debtor filed his voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Docket No. 1; and

WHEREAS, on March 31, 2015, John M. McDonnell, Esq. was appointed the Trustee for the Debtor, has duly qualified and is acting in that capacity. *See* Docket No. 3; and

WHEREAS, on April 1, 2015, the Trustee filed his application to employ McDonnell Crowley, LLC as his counsel, and the Bankruptcy Court approved that retention by Order dated April 21, 2015. *See* Main Case Docket Nos. 5 and 16 *respectfully*; and

WHEREAS, also on April 1, 2015, the Trustee filed his application to employ Bederson, LLP, as his accountant in these proceedings. *See* Docket No. 6. The Bankruptcy Court approved the Trustee's retention of Bederson, LLP on April 21, 2015. *See* Main Case Docket No. 17; and

WHEREAS, the 341(a) meeting (the "341 Meeting") of creditors was held on April 29, 2015; and

---

[1] a/k/a Michelle Markota.

(Page 3)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

**The Potential Undisclosed/Under-Disclosed Assets of the Debtor and the Trustee's Complaint Objection to the Debtor's Discharge**

WHEREAS, based upon information and belief, the Debtor is the principal and owner of a related entity that is also a chapter 7 debtor, European Copper Specialists, Inc. (the "ECS Debtor"), in a case pending also before the Bankruptcy Court. The Trustee also serves as the chapter 7 trustee for the ECS Debtor. *See In re European Copper Specialists, Inc.*, Bankr. Case No. 15-15570 (CMG); and

WHEREAS, on Schedule "B" of his Petition, the Debtor lists his ownership position in the ECS Debtor. Also listed Schedule "B" of his Petition, the Debtor lists the following ownership interest in "US Enterpirse, LLC and US Investment. These companies are 100 % owned by Debtor. These companies jointly own land in Jednorozec, Poland" with an "unknown value". *See* Docket No. 1. No other ownership interests in business entities are listed on the Debtor's Petition, Schedules, and Statement of Financial Affairs ("SOFA"); and

WHEREAS, on November 17, 2015, the Trustee filed a complaint (the "Discharge Complaint") administered under Adversary Proceeding No. 15-02519-CMG (the "Debtor's Adversary Proceeding"), asserting, *inter alia*, the Trustee's objection to the Debtor's discharge, pursuant to, among other things, section 727 of the Bankruptcy Code and applicable law. The Discharge Complaint asserted the Debtor's failure to, properly disclose assets of the estate, and cooperate with the Trustee and his professionals has acted to the detriment of the estate and in violation of his obligations he voluntary availed himself with the filing of his Petition. *See* Court Docket in *McDonnell v. Markota*, Adv. Proc. No. 15-02519-CMG (the "Debtor's Adversary Proceeding Docket"), Docket No. 1; and

(Page 4)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

WHEREAS, all of the facts set forth in the Discharge Complaint are hereby incorporated by reference to this Stipulation and Consent Order. *See* Debtor's Adversary Proceeding Docket 1; and

WHEREAS, the Debtor's deadline to file an answer to the Discharge Complaint was January 28, 2016; and

WHEREAS, on February 10, 2016, the Trustee filed his *Request for Entry of Default Against Ante Markota* (the "Default Request"). *See* Debtor's Adversary Proceeding Docket No. 4; and

WHEREAS, on February 11, 2016, the Clerk of the Court entered default against the Defendant in accordance with Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See* Debtor's Adversary Proceeding Docket No. 5; and

WHEREAS, on February 25, 2016, the Trustee filed his *Request for Entry of Default Judgment Against Ante Markota* (the "Default Judgment Request"). *See* Debtor's Adversary Proceeding Docket Adversary Proceeding Docket No. 7; and

WHEREAS, on February 26, 2016, the Bankruptcy Court entered an order granting the relief sought in the Default Judgment Request. *See* Debtor's Adversary Proceeding Docket No. 9; and

**The Undisclosed Business Entity Holding Real Property - Placed in the Name of the Debtor's Daughter with her Knowledge**

WHEREAS, based upon information and belief, following the filing of the Discharge Complaint, as part of the Trustee's ongoing investigation of the Debtor's financial affairs and potential assets of the estate, the Trustee's professionals discovered large amounts of funds being

(Page 5)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

moved through a previously undisclosed joint bank account held with the Debtor's nephew, Drazen Baricevic, at Wells Fargo; and

WHEREAS, based upon further information and belief, on or around January 4, 2013, the Debtor caused these funds to purchase certain real property at 38 Sliker Road, Lebanon Township, New Jersey (the "Lebanon Property"). Based upon information and belief, the total purchase price of the Lebanon Property was approximately $170,000; and

WHEREAS, based upon further information and belief, the entity purchasing the Lebanon Property was Ante Realty LLC ("Ante Realty"). "Ante" is the first name of the Debtor and the entity lists an address at "811 Rugby Road, Phillipsburg, New Jersey 08865" – the same address as the Debtor; and

WHEREAS, based upon information and belief, the owner and general partner of Ante Realty is Cialone, the Debtor's estranged daughter; and

WHEREAS, Cialone asserts no knowledge of Ante Realty and/or the Lebanon Property – prior to the Trustee bringing the issues to the attention of Cialone; and

WHEREAS, neither the Ante Realty and/or the Lebanon Property is reflected on the Debtor's Petition; and

WHEREAS, based upon information and belief, the seller of the Lebanon Property to Ante Realty was Bruce Sliker, as the executor for his wife Louise Sliker; and

WHEREAS, based further upon information and belief, Ronald P. Peles, Esq. ("Peles"), represented Ante Realty in the purchase of the Lebanon Property. Based upon information and belief, Peles was/is the registration agent for Ante Realty; and

(Page 6)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

WHEREAS, based information and belief, on or around January 2013, the Debtor, through the joint account he holds with his nephew, transferred large sums of funds to Peles. Two of those checks have the following notation made in the memo line of the check: "Deposit for 38 Sliker Rd."; and

**The Debtor's Testimony, prior to the Trustee's Discharge Complaint, where he fails to Disclose Ante Realty, the Lebanon Property, and his relationship with the Sellers of the Lebanon Property**

WHEREAS, on September 30, 2015, the Trustee, through his counsel, conducted a deposition (the "Debtor's 2004 Deposition") of the Debtor, pursuant to Bankruptcy Rule 2004; and

WHEREAS, the following is an excerpt of the Debtor's 2004 Deposition by counsel for the Trustee of the Debtor:[2]

> Q. [] As to the Markota debtor, you sir, please name all businesses, corporations, partnerships, limited liabilities companies, sole proprietorships that you, Mr. Markota, had an ownership interest in, either foreign or domestic from the period of 2011 to present?
>
> A. I don't understand this question.
>
> Q. Okay. So since 2011, you personally, you, Mr. Markota, can you tell me what businesses you had an ownership interest in?
>
> A. The place in Poland.
>
> Q. Okay. What are the names of the businesses?
>
> A. US Enterprise (sic).

---

[2] Based upon information and belief, at the time of the deposition, the Trustee's professionals were only aware of nominal payments (approximately $2,800) to Bruce and/or Louise Sliker.

Case 15-15565-CMG    Doc 88    Filed 05/03/16    Entered 05/03/16 16:14:20    Desc Main
Document    Page 7 of 17

(Page 7)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

Q. Any others either in Poland, or in America, or anywhere else?

A. In Poland, US Enterprise and US Investment.

Q. Anywhere in the world?

A. No.

Q. What about European Copper?

A. No.

Q. You had no ownership interest in European Copper, you, Mr. Markota?

A. I owned it.

Q. Okay. So let's take a step back to make sure we understand it. My question is to you, Mr. Markota: Individually, what companies or businesses anywhere in the world since 2011 have you had an ownership interest in or maintain an ownership interest in?

A. European Copper and two companies in Poland.

Q. And what are those names again?

A. US Enterprise and US Investment.

*****

Q. [] Who is Bruce Sliker[]

A. Bruce?

Q. Uh-huh.

A. Sliker, he worked for me, I think.

Q. What about Louise Sliker?

A. That must be his wife. I don't know familiar, but I heard the name before, but I don't know exactly. I would have to ask Anna, probably she would know.

(Page 8)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

Q. Is there any reason why you, you, Mr. Markota would have paid Bruce or Louise Sliker any money?

A. Sliker? No, I don't know.

Q. Okay.

A. That name is -- I heard some place, but I -- I don't know. I'm sorry, I don't.

Q. Okay. I'd like to just go back to again sticking with you, Mr. Markota, not European Copper, you, the land you own or owned personally since 2011, there's property in New Jersey; right?

A. Yeah.

Q. What is the property in New Jersey?

A. That I owned?

Q. Uh-huh. That you owned in the past four years or currently own.

A. I own the place at 811 Rugby Road.

Q. And where is that?

A. In Phillipsburg.

Q. Did you own any other land in New Jersey in the past four years?

A. Not that I know of. No, I don't remember. No, but I -- if I -- Sliker? That name is familiar. That bothers me.

MR. RADOWITZ: Unfortunately, move on.

A. On the tip of the tongue, I just don't know.

Q. If you think -- why don't you put it to the side, if you think about it later on, just let me know. But right now, let's just concentrate on the questions about the property that you, Mr. Markota, own. And you were saying in New Jersey you have the one property?

...

(Page 9)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

A. Only one property.

Q. And that's the only property you owned in the past four years in New Jersey?

A. Yeah.

Q. And?

A. Yeah, I think. Yeah.

Q. Other than the land in Arizona, did you own any land in, anywhere in the United States or outside the United States in the past four years? Not including the – we're not talking about the land owned in Poland by USA Enterprises?

MR. RADOWITZ: And you excluded Arizona and New Jersey?

MR. CROWLEY: Yes.

A. No, me and my wife used to own time-shares, but we have to give up, because we can't afford the maintenance fee.

Q. Where was that timeshare?

A. In Florida.

Q. Okay. And was there any other property in the past four years that you owned in any state, any country other than what we –

A. No.

**The Trustee Asserts the Estate's Rights to the Lebanon Property**

WHEREAS, based upon information and belief, there is no outstanding mortgage on the Lebanon Property; and

WHEREAS, the Trustee has asserted his right to the estate's interest in the equity in Lebanon Property; and

(Page 10)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

WHEREAS, ~~Ciaolone~~ CIALONE and the Trustee have engaged in informal negotiations to reach a resolution to the potential disputes regarding the sale of the Lebanon Property and related issues; and

WHEREAS, following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2. This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules. In addition, any actions of the Parties to the Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

3. This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4. ~~Ciaolone~~ CIALONE agrees to the Trustee's demand to market and sell the Lebanon Property. The Trustee will retain a realtor, subject to Bankruptcy Court approval, to assist in the marketing and sale of the Lebanon Property, which ~~Ciaolone~~ CIALONE will not oppose the retention of the realtor.

(Page 11)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

5. ~~Ciaolone~~ CIALONE agrees to allow the Trustee and his realtor, to exclusively market and sell the Lebanon Property and defer to the Trustee's business judgment in the acceptance and/or rejection of any offers to purchase the Lebanon Property, except that any decision to sell the Lebanon Property is subject to the approval of the Bankruptcy Court, which ~~Ciaolone~~ CIALONE agrees not to file any objections to any proposed good faith sale of the Lebanon Property by the Trustee. The Parties agree to authorize the real estate closing agent and/or appropriate party under applicable law to issue a check at the sale closing to the Trustee for 90% of the net sale proceeds and 10% of the net sale proceeds to ~~Ciaolone~~ CIALONE, upon the closing of the Lebanon Property, and payment and satisfaction of all necessary closing costs, the realtors commission, taxes, liens and fees allocable and in connection with the sale of the Lebanon Property. ~~Ciaolone~~ CIALONE further agrees to cooperate with the Trustee and his professionals in the marketing and sale of the Lebanon Property, including, but not limited, timely executing any necessary documents to facilitate a sale of the Lebanon Property.

6. The net sale proceeds of the Lebanon Property will be split between the Trustee and ~~Ciaolone~~ CIALONE as following: 90% payable to the Trustee (the "Estate's Sale Portion") and 10% to ~~Ciaolone~~ CIALONE ("~~Cialone's~~ CIALONE Sale Portion").

7. The amounts received by the Trustee from the sale of the Lebanon Property, 90% of the net sale proceeds of the Lebanon Property (i.e., the Estate's Sale Portion), will be deemed property of the estate to be used for the benefit of creditors.

8. ~~Ciaolone~~ CIALONE does hereby warrant and represent that she has not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, interest, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense

(Page 12)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

and/or liability of any nature whatsoever that ~~Ciaolone~~ *CIALONE* has, had or may have against, the estate, the Trustee, the Trustee's professionals, the Lebanon Property, and/or Ante Realty, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

9. Expect as noted herein, ~~Ciaolone~~ *CIALONE* hereby unconditionally and absolutely withdraws, dismisses, releases, waives, and forever discharges with prejudice, any scheduled claim, any proof of claim, *or any claim of any type whatsoever*, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Trustee, the Trustee's professionals, including *but not limited to*, any claims arising under Bankruptcy Rule 9011 and Rule 11 of the Federal Rules of Civil Procedure, and any claim that she is or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged as to the Estate's Sale Portion. ~~Ciaolone~~ *CIALONE* further waives any and all objections to the fee applications of the Trustee and Trustee's counsel.

10. Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order and the performance of all obligations under this Stipulation and Consent Order by the Debtor, the Trustee, in his capacity as the chapter 7 trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges ~~Ciaolone~~ *CIALONE*, from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtor's bankruptcy estate ever had or now has, or may claim to have at the present time, against ~~Ciaolone~~ *CIALONE* as to relates to the ~~Cialone's~~ *CIALONE's* Sale Portion.

(Page 13)

Debtor:            Ante Markota
Case No.:          15-15565 (CMG)
Caption of Order:  Stipulation and Consent Order

---

Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

11. *This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties, including but not limited to the Debtor.*

12. It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claims or causes of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

13. Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order and/or any issues arising under or related to disputes settled by this Stipulation and Consent Order. However, if any proceeding is brought to enforce or interpret any provision of this Stipulation and Consent Order, or the rights or obligations of any party hereunder, including without limitation reliance on this Stipulation and Consent Order as an affirmative defense to any formal or informal claim, action, proceeding of any kind or nature, the prevailing party preserves their rights to recover, as an element of such party's costs

(Page 14)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

of suit, and not only as damages, all reasonable costs and expenses incurred or sustained by such prevailing party in connection therewith.

14. This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

15. The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

16. No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

17. The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

18. This Stipulation and Consent Order constitutes the entire agreement between the Parties and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

(Page 15)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

19. This Stipulation and Consent Order was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

20. This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

21. The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

22. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

23. ~~Ciaolone~~ CIALONE acknowledges that her attorney has advised her of the legal import and consequences of this Stipulation and Consent Order.

24. This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be

(Page 16)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

25. A facsimile or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures and/or PDF signature.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

(Page 17)

Debtor: Ante Markota
Case No.: 15-15565 (CMG)
Caption of Order: Stipulation and Consent Order

---

26. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF**, each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

McDonnell Crowley, LLC
*Counsel for John M. McDonnell, not individually or personally, but as Chapter 7 Trustee the estate of Ante Markota*

By: *[signature]*
Name: BRIAN T. CROWLEY
Date: 3/30/2016

Winegar, Wilhelm, Glynn & Roemersma
*Counsel for Michelle Ciaolone,*

By: *[signature]*
Name: SCOTT M. WILHELM
Date: MARCH 28, 2016

CIALONE
Michelle ~~Ciaolone~~
*Individually and Personally, and authorized person to execute this Stipulation and Consent Order on behalf of Ante Realty, LLC*

By: *[signature]*
Name: MICHELLE CIAOLONE

Date: 3/18/16